# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0993V
### Filed: October 16, 2017
UNPUBLISHED

| | |
|---|---|
| GARY HAUSDORF, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On August 12, 2016, Gary Hausdorf ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 8, 2015.[3] Petition at 1; Stipulation, filed October 16, 2017, at ¶ 4. Petitioner further alleges that he suffered from his injuries for more than six months. Petition at 4; Stipulation at ¶ 4. "Respondent denies that petitioner's alleged GBS, or any other injury, was caused-in-fact by his flu and/or pneumococcal conjugate vaccinations." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Petitioner also received a pneumococcal conjugate vaccine, but he does not allege that it played any role in causing his alleged injury. *See* petition generally; *see* Stipulation at fn. 1.

Nevertheless, on October 16, 2017, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the undersigned awards** the following compensation:

**A lump sum of $165,000.00, in the form of a check payable to petitioner**. Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id.*

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GARY HAUSDORF,                           \*
                                         \*
                    Petitioner,          \*       No. 16-993V
                                         \*       CHIEF SPECIAL MASTER
v.                                       \*       NORA BETH DORSEY
                                         \*
SECRETARY OF HEALTH AND                  \*
HUMAN SERVICES,                          \*
                                         \*
                    Respondent.          \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STIPULATION

The parties hereby stipulate to the following matters:

1.     Petitioner filed a petition for vaccine compensation under the National Vaccine

Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").  The

petition seeks compensation for injuries allegedly related to petitioner's receipt of the Influenza

("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R.

§ 100.3 (a).

2.     Petitioner received flu and pneumococcal conjugate immunizations on October 2,

2015.[1]

3.     These vaccines were administered within the United States.

4.     Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") that was

caused-in-fact by a flu vaccine and that he has experienced residual effects of this injury for

more than six months.

---

[1] The pneumococcal conjugate vaccine is contained in the Table, but petitioner does not allege
that it played any role in causing his alleged injury.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6.      Respondent denies that petitioner's alleged GBS, or any other injury, was caused-in-fact by his flu and/or pneumococcal conjugate vaccinations.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> A lump sum of $165,000.00 in the form of a check payable to petitioner. This amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.

§ 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any

award for attorneys' fees, and litigation costs, and past unreimbursable expenses, the money

provided pursuant to this Stipulation will be used solely for the benefit of petitioner as

contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the

conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in his

individual capacity and on behalf of his heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the United States and

the Secretary of Health and Human Services from any and all actions or causes of action

(including agreements, judgments, claims, damages, loss of services, expenses and all demands

of whatever kind or nature) that have been brought, could have been brought, or could be timely

brought in the Court of Federal Claims, under the National Vaccine Injury Compensation

Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all

known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting

from, or alleged to have resulted from, flu and/or pneumococcal conjugate vaccinations

administered on October 2, 2015, as alleged by petitioner in a petition for vaccine compensation

filed on or about August 12, 2016, in the United States Court of Federal Claims as petition No.

16-993V.

3

14.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged GBS, or any other condition, was caused-in-fact by his flu and/or pneumococcal conjugate vaccinations.

18.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

\
\
\
\
\
\
\

4

Respectfully submitted,

PETITIONER:

GARY HAUSDORF

ATTORNEY OF RECORD FOR
PETITIONER:

MAXIMILLIAN J. MULLER
Muller Brazil, LLP
715 Twinning Road, Suite 208
Dresher, PA 19025
(215)885-1655

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated:  10 / 12 / 2017

5